UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JASON MATTHEW HENDRICKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV1487 SPM |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition appears to be barred by the limitations period. Therefore, the Court will order petitioner to show cause why the petition should not be dismissed.

## Background

Petitioner pled guilty to abuse of a child in violation Mo. Rev. Stat. § 568.060, and the trial court sentenced him to seven years' imprisonment on April 16, 2010. Hendrickson v. State, 400 S.W.3d 857, 858-59 (Mo. Ct. App. 2013); State v. Hendrickson, 2107R-00971-01 (St. Louis County). Petitioner did not file an appeal from the sentence. See Hendrickson, 400 S.W.3d at 859.

Petitioner filed a pro se Rule 24.035 motion on June 20, 2011. Id. The motion court denied the motion on the merits after holding an evidentiary hearing. Id. On

appeal, the Missouri Court of Appeals found that the motion had not been timely filed with the motion court because more than 180 days passed between the time petitioner was delivered to the Department of Corrections and the date of the filing of the motion. Id.; see also Mo. Ct. R. 24.035(b). The appellate court noted that, under Rule 24.035(b), failure to timely file a motion constitutes a "complete waiver" of any claims for postconviction relief, and therefore, dismissal of the motion was mandatory. Hendrickson, 400 S.W.3d at 859. As a result, the Missouri Court of Appeals vacated the motion court's judgment and remanded the action with instructions to dismiss it as untimely. Id. at 860.

Petitioner filed the instant petition on July 24, 2013, which is the date he placed it in the prison mail system.

**Standard**

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

With regard to tolling of the limitations period, the Eighth Circuit Court of Appeals has held:

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record. And an application is "properly filed" when its delivery and acceptance *are in compliance with the applicable laws and rules governing filings*. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Runyan v. Burt, 521 F.3d 942, 944-45 (8th Cir. 2008) (emphasis in original) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

## Discussion

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered. See Mo. Ct. R. 30.01(a); Mo. Ct. R. 81.04(a). Because petitioner did not appeal, his judgment became final under § 2244(d)(1)(A)

on April 26, 2010. As a result, the federal limitations period expired on April 26, 2011, well before petitioner filed his untimely motion for postconviction relief in the state court.

Moreover, even if petitioner had filed his Rule 24.035 motion before April 26, 2011, the instant petition would still be time-barred. Because petitioner's Rule 24.035 motion did not comply with state law, it was not a "properly filed" application under § 2244(d)(2) and could not, therefore, have tolled the limitations period. See Runyan, 521 F.3d 944-45.

The Court will allow petitioner to show cause why his petition should not be dismissed as untimely before it dismisses this case.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause no later than thirty (30) days from the date of this Memorandum and Order why his petition should not be dismissed as untimely filed.

Dated this __16th__ day of August, 2013.

/s/Shirley Padmore Mensah
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE