# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| JASON MATTHEW HENDRICKSON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:13CV1487 SPM |
| ) | |
| JEFF NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition is barred by the limitations period, and the Court will summarily dismiss it.

### Background

Petitioner pled guilty to abuse of a child in violation Mo. Rev. Stat. § 568.060, and the trial court sentenced him to seven years' imprisonment on April 16, 2010. Hendrickson v. State, 400 S.W.3d 857, 858-59 (Mo. Ct. App. 2013); State v. Hendrickson, 2107R-00971-01 (St. Louis County).  Petitioner did not file an appeal from the sentence.  See Hendrickson, 400 S.W.3d at 859.

Petitioner filed a pro se Rule 24.035 motion on June 20, 2011.  Id.  The motion court denied the motion on the merits after holding an evidentiary hearing.  Id.  On

appeal, the Missouri Court of Appeals found that the motion had not been timely filed with the motion court because more than 180 days passed between the time petitioner was delivered to the Department of Corrections and the date of the filing of the motion. Id.; see Mo. Ct. R. 24.035(b).  The appellate court noted that, under Rule 24.035(b), failure to timely file a motion constitutes a "complete waiver" of any claims for postconviction relief, and therefore, dismissal of the motion was mandatory. Hendrickson, 400 S.W.3d at 859.  As a result, the Missouri Court of Appeals vacated the motion court's judgment and remanded the action with instructions to dismiss it as untimely.  Id. at 860.

Petitioner filed the instant petition on July 24, 2013, which is the date he placed it in the prison mail system.

### Standard

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . .

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

With regard to tolling of the limitations period, the Eighth Circuit Court of Appeals has held:

An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by, the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance *are in compliance with the applicable laws and rules governing filings*.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.

Runyan v. Burt, 521 F.3d 942, 944-45 (8th Cir. 2008) (emphasis in original) (citing Artuz v. Bennett, 531 U.S. 4, 8 (2000)).

## Discussion

In Missouri, a prisoner has ten days to file a notice of appeal from the date the criminal judgment is rendered.  See Mo. Ct. R. 30.01(a);  Mo. Ct. R. 81.04(a).  Because petitioner did not appeal, his judgment became final under § 2244(d)(1)(A) on April 26, 2010.  As a result, the federal limitations period expired on April 26, 2011, well before petitioner filed his untimely motion for postconviction relief in the state court.

Moreover, even if petitioner had filed his Rule 24.035 motion before April 26, 2011, the instant petition would still be time-barred.  Because petitioner's motion for post-conviction relief was dismissed by the state court as untimely filed, it cannot be considered to toll the one-year limitations period inasmuch as under the Antiterrorism and Effective Death Penalty Act of 1996, it was not a "properly filed" application for post-conviction review.  Walker v. Norris, 436 F.3d 1026, 1030 (8th Cir. 2006).

Finally, petitioner has failed to demonstrate that jurists of reason would find it debatable whether the petition is untimely.  Thus, the Court will not issue a certificate of appealability.  28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for appointment of counsel is **DENIED**.

A separate Order of Dismissal will be filed contemporaneously.

Dated this   23   day of September, 2013.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE